No. ——

First Circuit

——

## TAYLOR v. LOCKE MOORE & CO., LTD.

——

(January 7, 1927. Opinion and Decree.)
(March 8, 1927. Rehearing Refused.)

(July 11, 1927. Amended by Decision of Supreme Court on Writ of Certiorari and Review.)

——

(*Syllabus by the Editor.*)

**1. Louisiana Digest—Master and Servant —Par. 154, 160 (e), 160 (i).**

Under Sections 18 and 39 of the Workmen's Compensation Act No. 20 of 1914, the right to waive jurisdiction, ratione personae, as recognized in Article 93 in the Code of Practice, is not applicable to a complaint for compensation under the Workmen's Compensation Act.

**2. Louisiana Digest—Master and Servant —Par. 154.**

A settlement in a Workmen's Compensation case under Act 20 of 1914, approved by a court without jurisdiction in the matter, for a sum of less than that due plaintiff minus a discount of 8% is null and void.

**3. Louisiana Digest—Master and Servant —Par. 154, 160 (e).**

Under Section 8, Subsection 8, of the Workmen's Compensation Act No. 20 of 1914, the penalty of twice the amount due for compensation where a settlement is made without the approval of the court and for less than a discount of 8% under the amount due will be granted where the court approving the illegal compromise did not have jurisdiction of the case, ratione personae.

## (ON APPLICATION FOR REHEARING)

**4. Louisiana Digest—Master and Servant —Par. 154; Constitutional Law and Constitutions—Par. 64.**

The penalty imposed by Section 8, Subsection 8, of Act 20 of 1914, the Workmen's Compensation Act, constituted a vested right in the employee and could not constitutionally be taken away from him by a subsequent amendment, namely Act 85 of 1926.

Appeal from the Parish of Calcasieu. Hon. Jerry Cline and Thos. Carter, Judges.

Action by Ike Taylor against Locke Moore & Company, Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Griffin T. Hawkins and Cline & Plauche, of Lake Charles, attorneys for plaintiff, appellee.

Hardin, Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellant.

LECHE, J. The plaintiff in this case sues for employee's compensation, and for an additional amount equal thereto as penalty, and from a judgment granting his demand in full defendant has appealed.

Strange to say, the facts are not controverted, are practically admitted, and only questions of law are presented for decision.

The defendant corporation is domiciled in the parish of Calcasieu and is engaged in the business of manufacturing lumber.

Plaintiff, who also resides in the parish of Calcasieu, was employed as a laborer in defendant's sawmill, and while thus employed and in the course of his employment, was injured to such an extent as to disable him totally and permanently. He was earning at the time a weekly wage of twenty-four dollars. Shortly thereafter a settlement was entered into between plaintiff, who is an illiterate and ignorant negro acting for himself, and defendant, acting through an adjuster of a casualty insurance company, whereby plaintiff's compensation was fixed at $12.68 per week, for seventy-two weeks, part of which had already been paid, and the balance, from April 18, 1925, for thirty-seven weeks, was lumped at the sum of four hundred and sixty-nine and 16-100 dollars. The agreement thus entered into was submitted to the District Judge sitting for the parish of Vernon and was approved by him on April 27, 1925.

Plaintiff attacks the validity of the order approved by the District Court for the parish of Vernon, contends that it is an absolute nullity, and that any agreement for compensation between plaintiff and defendant could only be approved, exclusively, by the District Court for the parish of Calcasieu, wherein both the plaintiff and defendant had their domiciles.

As a general rule in civil cases, parties litigant may waive the right to be sued at their own domicile and may consent to be sued elsewhere. C. P. Art. 93. Plaintiff, however, contends that such a waiver is not permissible in cases involving an employee's compensation.

Section 18, Paragraph 1, of the Employers' Liability Act, provides in detail the manner in which a claim for compensation shall be made, and says that the complaint shall be presented to the judge of the court which would have jurisdiction in a civil case. This language presupposes that a claim for compensation is not an ordinary civil suit. Paragraph 4 of the same act says that in the trial of compensation cases the judge shall not be bound by the usual statutory rules of evidence or by any technical or formal rules of procedure other than those provided in the act itself. Section 39 defines the word "court" as used in the act as meaning the court which shall have jurisdiction over the employer in a civil case involving more than one hundred dollars.

It is evident that the lawmaker prescribing in most minute detail the manner in which a complaint for compensation shall be made, in exempting the trial of such complaint from the formal statutory rules applying to civil actions and in designating the forum in which such trial shall take place, intended to create a special proceeding cognizable only by the judge having jurisdiction over the employer. Such judge is vested with a discretion much greater than that usually to be exercised in ordinary civil proceedings, and his knowledge of the conditions prevailing in his community is one of the elements enabling him to arbitrate complaints for compensation in a just, wise and impartial manner.

Statutes creating liability on the part of the employer towards his employee who becomes accidentally disabled have only become generally adopted in this country some fifteen or twenty years ago. Such statutes were an innovation effectively

paralyzing most of the well-recognized rules of law theretofore applying to the relations of master and servant. They were at first, in many instances, held by the courts to be invalid and unconstitutional as infringing upon the right of the citizen to enjoy liberty and contract. Amendatory legislation, however, has repealed the objectionable compulsory feature inserted in many of them and they are now universally recognized as necessary in the interest of society. They are no longer considered as enacted solely as a gratuitous benefit for the individual workman, to be by him recovered at his option, but their purpose has become a matter of public interest. Considered then as a matter adopted for the public welfare, the Employers' Liability Act should not be so construed as to permit the injured employee to waive and disregard expressed provisions therein enacted to safeguard its object and purposes.

Our learned brother of the District Court held in a sound and logical written opinion that the order of approval signed by the district judge sitting for the parish of Vernon was null and void. We believe his finding is correct and that the right to waive jurisdiction, ratione personae, as recognized in Article 93 of the Code of Practice, is not applicable to a complaint for compensation under the Employers' Liability Act.

The other question of law involved in this proceeding is plaintiff's right under the facts herein recited, to recover the penalty fixed in Paragraph 8, Section 8, of the act. The pertinent provision of that paragraph is to the effect that if a lump sum settlement be made without the approval of the court or at a discount greater than 8 per cent, the employer becomes liable for compensation at twice the rates fixed in the act.

It must be observed that neither fraud, nor deception on the part of the employer, need be affirmatively shown as a prerequisite to obtain the penalty. Evidently the lawmaker assumes that a settlement made in a lump sum without approval of the court or discounted at a greater rate than 8 per cent constitutes of itself an imposition or a deception on the part of the employer. The penalty is severe, but its severity is a matter within the control of the legislature and not of the court.

It appears from our understanding of the statute that the settlement in this case was made without the approval of the court, and it further appears from the admitted facts that the settlement was for a sum less than that due plaintiff, minus a discount of 8 per cent.

Why defendant resorted to the District Court sitting in and for the parish of Vernon for approval of its settlement, and why the basis of that settlement was fixed at $12.68 for 72 weeks, is unaccounted for and need not be discussed.

The learned trial judge gave plaintiff judgment as prayed for, and believing that such judgment is sustained by the facts in the case and the law applicable thereto we hereby affirm same.

ON APPLICATION FOR REHEARING

At the time defendant became liable to plaintiff for compensation, both the District Court and this court found, under the

facts in the case, that defendant, the employer, was liable for compensation at twice the rates fixed in the Employers' Liability Act, under Paragraph 8 of Section 8 of that act. Since that time the law was amended by Paragraph 9 of Subsection J of Section 8 of Act 85, page 110, of 1926, by making the employer liable only for compensation at the rate of one and one-half times the rate fixed in the act.

This extra compensation was, no doubt, intended by the lawmaker, as damages in favor of the employee for failure of the employer to make prompt and adequate payment under the terms of the act. Such damages, although they might be called a penalty, became the property of the employee, constituted a vested right in the employee, and could not constitutionally be taken away from him by a subsequent amendment or repeal of the statute.

The other points urged by defendant in its application for rehearing have already received full consideration in the opinion of the court.

The application for rehearing is refused.