(114 So. 163)

No. 28580.

TAYLOR v. LOCK, MOORE & CO., Limited.

In re LOCK, MOORE & CO., Limited.

July 11, 1927. Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. **Master and servant** &⟹382—**To justify claim for additional compensation, injured employee need show only that lump sum agreed on was less than authorized by statute (Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1).**

To justify claim of an injured employee for additional compensation, he need only allege and show that lump sum agreed on under Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1, was less than the amount authorized by the statute.

2. **Master and servant** &⟹396—**Proper forum for suit for additional compensation is that of domicile of employer (Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1).**

In employee's suit for additional compensation alleging that lump sum settlement under Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1, was procured through fraud and misrepresentation, proper forum for suit was that of domicile of employer, since no other court had jurisdiction ratione personæ.

3. **Master and servant** &⟹349—**Where, before injured employee's claim for penalty is reduced to final judgment, statute allowing it is repealed, right to recover it is lost (Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1).**

Where, before claim under Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1, giving injured employee right to recover penalty because lump sum settlement was at greater discount than the statute allowed, is reduced to final judgment, statute allowing such penalty was repealed, right of action to recover penalty was lost.

4. **Master and servant** &⟹387—**Employee held entitled to recover only one-half over compensation legally due as penalty for fraud in lump sum settlement (Employers' Liability Act, § 8, par. 8, as amended by Act No. 216 of 1924, § 1; Act No. 85 of 1926).**

Where penalty under Employers' Liability Act, § 8, par. 8, as amended by Act No. 216

164 LA.—19

of 1924, § 1, providing for double compensation where agreement for lump sum settlement is affected at discount greater than 8 per cent., was not reduced to final judgment before the act was repealed, employee's right of action to recover penalty *held* limited by Act No. 85 of 1926, to one-half over and above compensation legally due him.

O'Niell, C. J., dissenting in part.

Action by Ike Taylor against the Lock, Moore & Co., Limited. Judgment for plaintiff was affirmed by the Court of Appeal (6 La. App. 462), and defendant applies for certiorari or writ of review. Judgment amended, and, as amended, affirmed.

C. E. Hardin, of Leesville, for applicant.

Cline & Plauche and Griffin T. Hawkins, all of Lake Charles, for respondent.

THOMPSON, J. Ike Taylor, a resident of Calcasieu parish and an employee of Lock, Moore & Co., domiciled in same parish, was injured while in the course of his employment to such an extent as to render him permanently disabled to do any work whatever. His compensation at the time was $24 per week. After the injury he was paid compensation at the rate of $12.68 per week from September 8, 1924, to April 8, 1925. At about the last-mentioned date an adjuster for the insurance company got the plaintiff to agree to a lump sum settlement of $469.16 covering an additional period to that for which compensation had already been paid of 37 weeks at the same rate of $12.68 per week.

This agreement was presented to the judge of a district court other than the domicile of the employer and employee, by joint petition of the employer and employee, and was approved by the said judge on April 27, 1925. Accordingly the defendant company paid the amount fixed in the said agreement.

Thereafter, on June 5, 1926, the plaintiff brought suit in the district court of the parish of Calcasieu, the domicile of both himself and of the defendant, to recover

$12,480 payable in a lump sum and being double the amount of the compensation due him on account of the injuries received by him, less the amount he had received.

In the petition it is alleged that the plaintiff is an illiterate negro, unable to read or write, and that he was induced to agree to the lump sum settlement by the false and fraudulent representations of the agent of the insurance company; that at the time of the execution of said agreement he was suffering a total permanent disability, which fact was well known to the defendant company.

It is further alleged that the lump sum settlement was made in violation of the provisions of Act 20 of 1914 and amendments thereto; that the said lump sum settlement was made at a greater discount than 8 per cent. in violation of the provisions of paragraph 8, section 8, of the act before referred to.

The defendant excepted to the jurisdiction of the court of Calcasieu on the theory that the present suit was an action to annul the judgment of another court and had to be brought before the court that rendered the said judgment.

The exception was overruled, and defendant answered, setting up various defenses not necessary to mention at this time.

On a trial there was judgment in favor of plaintiff for double the amount of the compensation he would have been entitled to, had not the lump sum settlement been made, subject to deductions for the amount the company had paid.

The judgment so rendered was affirmed by the Court of Appeal.

There appears to be no dispute as to the fact of injury and the extent of the injury and it seems to be conceded that, but for the lump sum settlement, the plaintiff would have been entitled to receive $15.60 per week for 400 weeks. Under the payments made and the lump sum settlement the plaintiff only received compensation for 72 weeks at $12.68 per week.

We are called upon to consider only two questions: (1) Did the court of Calcasieu have jurisdiction; and (2) is the plaintiff entitled to receive the double compensation.

[1] It is the contention of the defendant that the court which approved the agreement for the lump sum amount of compensation had jurisdiction of the subject-matter, that is to say, jurisdiction ratione materiæ, and that the parties had the right to waive jurisdiction ratione personæ; which they did by the joint petition presented to the court. Hence, the agreement being merged into a judgment, the only court competent to annul that judgment was the court which rendered it.

All of which would be true, were this an action to annul the judgment.

It is provided in paragraph 8, § 8, of Employers' Liability Act, as amended by Act 216 of 1924, that a lump sum settlement may be made by agreement of the parties, if approved by the court as solely and clearly in the interest of the employee or his dependents, provided that in making such lump sum settlement the payments due to the employee shall not be discounted at a rate greater than 8 per cent. per annum.

If the settlement does not exceed a greater discount than 8 per cent. per annum, then such settlement approved by the court is binding, and the employer is discharged from further payments.

On the other hand, however, if a greater discount has been made than the statute allows, then the lump sum agreement is not binding on the employee, and such employee is expressly authorized at any time within five years to demand and receive in a lump sum from the employer such additional payment as together with the amount already

paid will aggregate twice the compensation which would have been due under the act but for such lump sum settlement.

While the petition in the present suit attacks the lump sum agreement as having been procured through fraud and misrepresentation, the suit is not, strictly speaking, an action of nullity either of the said agreement or of the judgment approving said agreement.

The action is for the additional compensation to which the employee was entitled under the law, based on the amount of compensation he was receiving at the time of his injury and on the nature and extent of that injury.

The petition does not pray for the nullity of the judgment, and, in order to justify the claim for the additional compensation, it was only necessary to allege and to show that the lump sum amount agreed on was less than authorized by the statute.

As to the amount fixed in the agreement and the approval of the court, the plaintiff not only did not repudiate the settlement, but ratified it by recognizing in this suit the payments made under said agreement and judgment.

But, in so far as said agreement and judgment purports to be a full and final settlement of the compensation due plaintiff under the statute, the same was and is an absolute nullity, being in violation of the prohibitory statute, and could be ignored and disregarded by the employee and by the court of the domicile of the employer.

If the agreement had been approved by the judge of the court of the domicile of the employer, which happened to be the domicile of the employee also, the employee could have ignored it and brought suit for the additional compensation, a legal right expressly conferred by the statute. The court of the domicile of the parties would have been no more competent to have approved an agreement made in violation of the statute than the court which did lend its approval to the illegal agreement.

[2] But, be that as it may, the proper forum in which to bring the suit for the additional compensation is that of the domicile of the employer, for no other court had jurisdiction ratione personæ.

The judgment was rendered in the district court on August 10, 1926.

[3] At that time the Act of 1924 had been amended and superseded in so far as it provided for an allowance of double compensation where an agreement had been effected for a lump sum at a discount greater than 8 per cent.

We refer to Act 85 of 1926, which provides that the employee or his dependents shall, at all times within two years after date of the payment of the lump sum settlement, and notwithstanding any other provisions of this act, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate 1½ times the compensation which would have been due under this act but for such lump sum settlement.

The compensation which was due the plaintiff on account of the injury suffered was $15.60 per week for 400 weeks, the injuries being such as to totally and permanently incapacitate him from doing any work whatever. If he had sued, instead of agreeing to a lump sum settlement, he could not have gotten judgment for a sum greater than that stated. The double compensation allowed under the statute was, therefore, obviously in the nature of a penalty against the employer for having entered into an agreement for an amount less by more than 8 per cent. per annum the amount of the compensation legally due. The additional amount equal to the amount due the employee as a result of the injury could not properly be said to be compensation within the terms of the statute.

The additional compensation provided for in the statute of 1924, being manifestly punitory in character, created no vested right thereto in the employee unless and until reduced to judgment.

This we take it to be a well-settled rule of law.

And where, before the claim for such penalty is reduced to final judgment, the statute allowing such penalty is repealed, the right of action to recover it is lost.

In the case of Mouras v. Schooner Brewer and Owners, 17 La. Ann. 82, the plaintiff, among other demands, claimed a' penalty of $500, the amount of a penal fine imposed by law in such cases as therein presented. Judgment was rendered in plaintiff's favor, but before the judgment became final, and while on appeal to the Supreme Court, the statute imposing the penalty was repealed. The court held, quoting from the syllabus:

"Where a statute has been repealed since the rendition of a judgment, inflicting a penalty, in the court a quo, this court cannot affirm it."

The same rule is recognized in 21 Ruling Case Law, p. 219.

[4] It so happens in this case, however, that the penalty imposed by the statute of 1924 was not entirely abrogated by the statute of 1926, but was only reduced to one-half over and above the compensation which was legally due but for the lump sum agreement. To the extent as provided in the later statute the plaintiff is entitled to recover.

The judgment of the Court of Appeal is amended by reducing the amount thereof from $12,480 to $9,360, with interest as stated in said judgment and subject to the credits therein allowed.

As thus amended, said judgment is affirmed.

O'NIELL, C. J., is of the opinion that the judgment of the district court and Court of Appeal is correct.