ROGERS, J.
 

 In June, 1927, the relator was employed by the Wall Drilling Company, a copartnership, as a “rough-neck,” or driller’s helper, in drilling an oil well in the parish of Caldwell at a weekly compensation of $31.59. On June 2, 1927, while engaged in adjusting certain machinery and paraphernalia in the course of his employment, he sustained a traumatic hernia. On September 23, 1927, he instituted suit under the Employers’ Liability Act against his employers and their insurer. Plaintiff alleged that as a result of the hernia he has become permanently totally disabled to do work of any reasonable character; that defendants refused to have him operated upon in order to correct the hernia, notwithstanding his request and desire to have-the operation performed. Plaintiff’s demand was for $20 a week for 409 weeks, with interest, and for $259, additional, as the cost of an operation. Defendants denied liability, and the case was tried on an agreed statement of facts. The district court rendered judgment in favor of plaintiff and against the defendants in solido for $20 a week from June 2, 1927, to March 14, 1928, and for the further sum of $20 a week for 26 additional weeks from' March 14, 1928, and that defendants also pay for an operation on plaintiff, not to cost more than $250, provided plaintiff is willing to have the operation performed; the
 
 *516
 
 payment of compensation for the additional 26 weeks to cease at the expiration of said period, if operation is successful; and, if the operation is unsuccessful, the right is reserved to plaintiff to proceed further in the case. The Court of Appeal annulled the judgment against the insurance company, and amended the judgment against plaintiff’s employers reducing plaintiff’s compensation to $20 a week for 26 weeks from June 2, 1927. The decree further ordered plaintiff’s employers to furnish plaintiff an operation, not to exceed in cost $250, within 30 days after plaintiff shall have signified to them his readiness to submit thereto, and, in default thereof, that plaintiff have judgment against said defendants for $250, with interest from the date of the decree until paid. The case is now before us on a writ of review issued upon plaintiff’s application therefor.
 

 At the time plaintiff was hurt, Act 85 of 1926 was in effect. The Court of Appeal interpreting section 23 of the statute held that an injured employee has no right of action against the insurer of his employer prior to an award or judgment or an agreement with the employer fixing the amount of compensation. The court accordingly dismissed plaintiff’s suit against the defendant insurance company. This was error.
 

 Section 23 of Act 85 of 1926, with the exception of the provisos that have no bearing here, is couched- in the same language as section 23 of Act 20 of 1914, the original compensation law. This court in two cases recently decided had occasion to interpret sections 23 and 25 (which is also relied on by defendants) of Act 20 of 1914. The decision in both of the cases was that the insurer of an employer is a primary obligor and as such may be sued directly' by an injured employee without compensation being first awarded or agreed upon. See Wyatt v. Finley, 167 La. 161, 118 So. 874; Woods v. U. S. Fidelity & Guaranty Co., 167 La. 411, 119 So. 409.
 

 We think the Court of Appeal also erred in allowing plaintiff compensation for only 26 weeks, beginning with the date of his injury. The statute requires the employer to pay for an operation at a cost not to exceed • $250 in cases of hernia, and to pay the injured employee a fixed percentage of his wages for 26 weeks if the operation is successful. Further provision is made in the event the operation is not successful. The statute also provides that, if the employee refuses to undergo the operation which the employer is willing to pay for, the latter is only required to supply a proper truss and to pay compensation for 26 weeks. Act 85 of 1926, §' 8, subdiv. 1, par. (d), subpar. 17.
 

 Plaintiff’s employers, in our opinion, have not complied with the statutory provisions. We are satisfied that plaintiff is and has always been willing to undergo an operation at his employers’ expense, but that his employers have never actually accepted liability and in good faith expressed a willingness to pay for the operation. In their answer, filed on October 4, 1927, plaintiff’s employers, after denying any liability whatever, averred, in the alternative, that, if they should be found ■liable by the court, then they tender plaintiff an operation as provided in the statute. In November, 1927, these defendants appear to have tendered plaintiff an operation, but without making any offer or tender of compensation as required by the statute.
 

 The district court allowed plaintiff compensation from the date of his injury, June 2, 1927, until the date of its judgment, March 14, 1928, which was the date, according to defendants’ pleadings, its liability became fixed. It also allowed compensation for 26 weeks additional, and condemned the defendants to pay for an operation at a cost not ex
 
 *518
 
 ceeding $250 for an operation to correct plaintiff’s hernia. We think this judgment is correct. The defendant employers knew within 48 hours after plaintiff’s injury that he had sustained a traumatic hernia and that an operation to correct it was deemed necessary by the attending physician. Instead of accepting liability at that time they chose to contest plaintiff’s right to compensation and to an operation at their expense. By reason of the hernia, plaintiff has not been able to work, although he wears a truss supplied by himself to keep the hernia from descending. In our opinion, defendants owe plaintiff compensation until the time their liability was fixed by the court, together with the compensation and medical expenses imposed upon them by the statute. Act 85 of 1926, § 8, subdiv. 1, par. (a), par. (d), subpar. 17; subdivision 5.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judg>ment of the district court is reinstated and made the final judgment of this court; defendants to pay all costs of suit.