No. 3563

Second Circuit

——

FUSSELL v. URANIA LUMBER CO., LTD.

———

(July 1, 1929. Opinion and Decree.)

——

Julius T. Long, of Shreveport, and Vinson M. Mouser, of Columbia, attorneys for plaintiff, appellee.

Thompson & Ferguson, of Leesville, and Wm. H. Mecom, of Columbia, attorneys for defendant, appellant.

ODOM, J. Plaintiff was employed as a teamster by the defendant company, at a daily wage of $3, and worked 6 days a week. He was driving a "four up" team, riding one of the wheel mules, and on April 26, 1928, while doing so, the mule he was riding bogged and fell, throwing him forward. The top ends of the hames struck him in the lower part of the abdomen, in the inguinal region, causing an inguinal hernia to develop on the right side within less than 48 hours. His right leg was caught between the mule and the wagon tongue and badly wrenched and bruised. He was also bruised in the region of the scrotum, which caused con-

siderable swelling and pain. Physicians for the defendant company sent him to Alexandria, where he entered a sanitarium, and, while there, Drs. White and McBride performed a hernia operation, which was a success, at least to the extent of keeping the intestines from protruding through the inguinal ring. The defendant company paid the sanitarium bills and the expense of the operation, and also paid him compensation for 15 weeks.

Plaintiff now claims that his injuries have resulted in total permanent disability, and asks that he be paid compensation for 400 weeks, under the Compensation Act 85 of 1926. Defendant admits the injury, but contends that plaintiff had entirely recovered at the end of 15 weeks, and that it is due him nothing more.

The lower court allowed plaintiff full compensation of $11.70 per week, for 26 weeks, and $5.50 per week for an additional 274 weeks as for partial disability. The judgment is in accordance with the law and the evidence, and we shall not disturb it. The hernia which immediately developed on the right side and the operation performed to relieve it totally disabled plaintiff for at least 26 weeks, and, even if it be conceded, as contended by counsel for defendant, that he was not totally disabled for that long, he was still entitled to full compensation for 26 weeks on account of the hernia.

In the case of Baker vs. Wall Drilling Co. (No. 29795) 122 So. 711, not yet officially reported, the Supreme Court said, with reference to hernia cases:

"The statute requires the employer to pay for an operation at a cost not to exceed $250.00 in cases of hernia, and to pay the injured employee a fixed percentage of his wages for 26 weeks, if the operation

is successful." Paragraph 17, subsec. (d), par. 8, Act No. 85 of 1926.

At the end of the 26 weeks, and at the time of the trial, plaintiff was still partially disabled. He testified that he could do no work at all, but we see no reason why he cannot do light work at least. He was still sore to some extent, and the use of the right leg is somewhat impaired. Plaintiff walks with a limp, and says that, while he can walk, yet he cannot move his leg forward in the natural way, but has to drag it. While we are of the opinion that his leg is not in as bad condition as he says it is, we have no doubt that he is disabled to some extent on account of its condition. Plaintiff's main trouble we think is due to the fact that one of the hames struck him in the lower abdomen, on the left side, and so injured and weakened the walls in the inguinal region that he now has what Dr. Sanderson calls a "potential hernia or a beginning hernia" on the left side. All the physicians, except Dr. Graves, including Drs. White and McBride, who performed the operation, say there is a bulging on that side, and that, while there is not a complete hernia there at present, yet the walls are so weakened that one will develop if plaintiff engages in heavy, manual labor and strains himself. Dr. White testified that in his opinion plaintiff's condition on that side is congenital. That suggestion does not appeal to us. Plaintiff had never before had any trouble. He was injured on both sides; the only difference being that the injury on the right side was more severe and produced immediate hernia. The net results of the accident to plaintiff are that he has lost some flesh, still has some pain as a result from the operation, has a potential or near hernia on the left side, is somewhat nervous and irritable, and has some loss of function of one of his legs—all of which have unquestionably produced partial disability to do work of a reasonable character.

The judgment is correct, and is accordingly affirmed, with costs in both courts.