## CURRY v. THE OHIO OIL COMPANY

(July 5, 1930. Opinion and Decree.)
(October 2, 1930. Rehearing Refused.)

Booth & Grafton, of Shreveport, attorneys for plaintiff, appellee.

Roy L. Benoit, of Shreveport, attorney for defendant, appellant.

WEBB, J. This action was filed on September 13, 1929, to recover compensation for disability to work, which is alleged to have resulted from an accidental injury alleged to have been sustained by plaintiff on October 9, 1928, while he was engaged in defendant's service.

Plaintiff alleged that in the afternoon of October 9, 1928, while he was lifting a heavy plank, he sustained a strain causing a hernia to develop, which had disabled him; that he advised defendant of the accident and requested it to bear the expense of an operation to relieve the condition, which was refused, and plaintiff prayed for judgment for compensation at the maximum weekly rate, beginning October 16, 1928, for a period of three hundred weeks (subdivision a, subsection 1, section 8, Act

No. 20 of 1914), and for judgment for medical expenses, and all cost of suit.

Defendant answered, admitting that plaintiff was employed by it on the date of the alleged accident, and otherwise denied plaintiff's allegations; and on trial judgment was rendered in favor of plaintiff awarding him compensation at the rate of $20 per week, beginning on September 10, 1929, for a period of twenty weeks, with legal interest, and for judgment in the further sum of $250, for medical fees, and for all cost of suit.

Defendant appeals, contending that the evidence failed to establish that plaintiff sustained an accidental injury causing a hernia to develop and disabling him, and urges that the judgment should be reversed and plaintiff's demands rejected; while plaintiff has answered the appeal, praying that the judgment be amended, and that he be awarded compensation as originally demanded.

It is conceded that some time prior to plaintiff's entering defendant's service he had undergone an operation for appendicitis, and that, at the time he began working for defendant, which the record shows was on August 16, 1928, the abdominal wall, at the place of the scar left from the incision made at the time of the operation, was weak, and, while the evidence conclusively establishes that plaintiff was continuously employed from August 16, 1928, in the same character of work and at the same rate of wages, until September 10, 1929, when he was discharged, plaintiff claims, as stated, that in the meantime, that is, on October 9, 1928, he sustained an accidental injury, causing a rupture of the abdominal wall or hernia at the point of the scar, which disabled him to work.

There was no one else present at the time plaintiff claims he sustained a strain,

except a co-employee, whose testimony, taken under commission, supports plaintiff's statement that while he was lifting a heavy plank he experienced a severe pain in. his abdomen at the place of the scar, which became red and inflamed, which condition he (witness) said existed on the day following the accident when plaintiff was examined by two physicians. One of the physicians referred to appeared at the trial of the case, having been called by defendant, and the testimony of the other, which was taken under commission, was offered in evidence by defendant. The physician who appeared at the trial had examined plaintiff in September, 1928, when he found that the abdominal wall at the place of the scar was weak, and he said that the condition of the scar was better on October 10, 1928, the day following the alleged accident, than at the time of the previous examination, and that on the latter date the scar was not red or inflamed, and that there was not any rupture of the abdominal wall or hernia, while the other physician, whose deposition was introduced in evidence, said that on October 10, 1928, or the day after the alleged accident, there was a weak spot in the scar and a small beginning hernia, but both of the physicians stated that the condition was practically the same in September, 1929, as on October 10, 1928.

Whether one has sustained a strain is more or less dependent upon his own experience, and, if the right of plaintiff to recover was dependent solely upon whether or not he sustained a strain, the evidence would be sufficient, but it is at least conceded that it is essential the evidence must establish that the strain caused an injury of the body, or, in the present instance, a rupture of the abdominal wall or hernia; and aside from the statement of plaintiff and his co-employee that the place of the scar was red and inflamed, which is not supported by the testimony of the physicians who examined plaintiff on the day following the accident, but is directly in conflict with the statement of one of the physicians, the only evidence indicating that there may have been such an injury is the statement of one of the physicians, whose deposition was taken under commission, who said there was a weak spot in the scar and a small beginning hernia. But the testimony of the physician who had examined plaintiff in September, 1928, and who appeared on the trial, was more definite and complete than the testimony of the physician whose deposition was introduced in evidence, and we are of the opinion is entitled to greater weight; and, the burden of proof being on plaintiff, the preponderance of the evidence does not show that there was a rupture of the abdominal wall or hernia.

But even though it should be that plaintiff did sustain an accidental injury, causing a rupture of the abdominal wall, the evidence that plaintiff continued doing the same kind of work, at the same rate of wages, for a period of eleven months after October 9, 1928, for which he was paid approximately $2,000, shows that he was not disabled to work or earn wages; and, unless compensation should be allowed in cases of hernia on some other basis than disability to work, plaintiff cannot recover.

While appellee cites Baker v. Wall Drilling Company, 168 La. 513, 122 So. 711, in which paragraph 17, subdivision (d), subsection 1, section 8, of Act No. 20 of 1914, as amended by Act No. 85 of 1926, was considered, and an award made for an operation for hernia, and compensation fixed for a period of twenty-six weeks, as provided in said paragraph, and counsel urges that the provisions of paragraph 17 having been omitted in Act No. 242 of 1928, amending

and re-enacting section 8 of the statute, was repealed.

There cannot be any question, we think, that the provisions of the paragraph were impliedly repealed, as urged by counsel (Flournoy v. Walker, 126 La. 489, 52 So. 673; Kirby v. Crystal Oil Refining Corporation, 11 La. App. 562, 123 So. 432), and therefore plaintiff could not recover compensation under the paragraph referred to.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed and plaintiff's demands rejected at his cost.