## NELSON v. EMPLOYERS' CASUALTY CO.
### No. 951.

Court of Appeal of Louisiana, First Circuit.

May 3, 1932.

For former opinion, see 134 So. 782.

Benton & Benton, of Baton Rouge, for appellant.

Milner & Porteous and John E. Unsworth, all of New Orleans, for appellee.

**ELLIOTT, J.**

Loran Nelson, plaintiff appellant, alleges in his petition for rehearing that we are in error in saying in our first opinion herein that, although the exception of no cause of action filed by defendant appeared to have been properly urged, it did not seem to have been passed on by the lower court, and was therefore not before us on appeal, contending that this exception was overruled, and that the proof that it was so acted on appears from a statement to that effect in defendant's brief.

The record shows that defendant filed exceptions of res adjudicata, no cause or right of action, lis pendens, nonjoinder, and want of jurisdiction ratione personæ on the part of the district court in and for the parish of East Baton Rouge. The minutes of July 7, 1930, show that on motion of counsel for defendants an exception of res adjudicata was filed. The same entry continuing says: "This cause came on for trial on exceptions filed herein, * * * that the exceptions were taken under advisement." The plural being used with reference to exceptions filed and taken under advisement.

■■ The minutes of July 30, 1930, say: "For reasons orally assigned the court rendered judgment herein overruling the exception filed herein by defendant." The singular being used in referring to the exception overruled, we took the meaning to be that the exception of res adjudicata was overruled, and that, as for the exceptions of no cause or right of action lis pendens, nonjoinder, and want of jurisdiction ratione personæ on the part of the East Baton Rouge court, no ruling was made. If the entry is ambiguous or erroneous to the prejudice of the plaintiff, proper steps should have been taken to remove the ambiguity or to correct. As it is, we are not satisfied that our statement is erroneous. He alleges that we made a further mistake with reference to the objections made to the testimony of C. H. Dameron.

The note made of the testimony offered on the trial shows that the testimony of C. H. Dameron, taken by consent, was offered in evidence by the plaintiff. It was the only testimony offered on the trial. Our opinion says on the subject: " * * * We note from the transcript of testimony that timely objection was made to the offer of any testimony on the ground of incompetency and inadmissibility, which the trial court overruled. We believe the objection was well made and should have been sustained, and under the view we take of it, it is unnecessary for us to have the testimony referred to before us."

The petition for rehearing says that we should not furnish appellee with an objection that he did not make, etc., and calls attention to the fact that the note made of the testimony offered shows that defendant did not object to the entire testimony as incompetent nor inadmissible, but to the seventh interrogatory, on the ground that it was immaterial, and to the eighth on the ground that it was irrelevant, and that no further objections were made to Dameron's testimony. The fact is the seventh interrogatory was objected to on the ground that it was immaterial, and the objection was overruled; the eighth was objected to on the ground that it was irrelevant, and as to which the court reserved its ruling; but the other questions propounded to and answers given by Dameron were received in evidence, but the evidence was not brought up in the record.

In connection with our correction we deem it in place to mention that plaintiff, in his petition for rehearing, alleges with reference to the missing testimony: "However the offering was made for the purpose of answering the sole and only argument made in the lower court, to the effect that appellee was not a party to the New Roads Court proceedings. Since in paragraph 6 of the answer of the appellee, it is admitted that the Employers Casualty Co. filed the suit in the New Road Court and since it is admitted in the brief of the appellee, that the missing deposition was offered and filed in the trial court, for all practical purposes that testimony is before the court. On page 18 and 19 of the brief of opposing counsel your Honors will find a recital of the facts contained in the deposition. * * * "

Defendant argues that it was not a party to the joint petition presented to the Pointe Coupee court; that its answer, taken as a whole, should not be so construed. We find that this question, as well as that of the jurisdiction ratione personæ of the Pointe Coupee court, may be determined from the pleadings. We are therefore able to act on the case to that extent.

Plaintiff alleges in his petition, article 6: "That the said Dameron & Kenyon, Inc., and the Employers Casualty Co., * * * presented a joint petition to the 18th Judicial District Court in and for the Parish of Pointe Coupee, * * * in which they alleged among other things, the employment, injury and death of petitioner's said son. And while they denied liability for his death, out of a spirit of generosity and charity they proposed to pay petitioner compensation in a lump sum of . $156.00 and funeral expenses of $100.00 and secured from said court a judgment authorizing a settlement for the sum of $256.00, all of which may be more fully seen by reference to the certified copy of the petition and judgment which are hereto annexed and made part hereof." The copy of the petition and judgment being annexed as alleged. In article 7: "That the employer, Dameron & Kenyon, Inc., as alleged, not being domiciled in the Parish of Pointe Coupee and the accident not having occurred in that

parish, the district court at New Roads, Louisiana was without jurisdiction ratione personæ to entertain this suit and that the want of jurisdiction could not be waived, as was done in this case. Therefore the judgment rendered by the said court is an absolute nullity. But even though this was not true, the said judgment is an absolute nullity for the reason that the agreement made therein is in violation of the law in that the rate of discount is far in excess of eight per cent."

Employers' Casualty Company, defendant, in answer to plaintiff's article 6, says: "Respondent admits, that it presented a petition to the 18th judicial district court in the Parish of Pointe Coupee, * * * and avers that the petition, affidavits and judgment in connection therewith are the best evidence of what respondent did. And respondent denies anything and everything at variance with the record which is attached to plaintiff's petition. Respondent further answering avers that the record is the best evidence of what respondent did, which your respondent avers was done in good faith and in accordance with law."

In answer to plaintiff's article 7, defendant says:

"Respondent denies all and singularly the allegations contained herein and further answering avers that the allegations made are nothing more than conclusions of law, which your respondent is neither called on to admit or deny.

"Out of an abundance of caution your respondent denies the conclusions of law contained herein and denies the attempted statement of fact contained herein. Respondent avers that the proceedings referred to and being made part of paragraph 6 of plaintiff's petition are the best evidence of what your respondent did and your respondent avers that the said proceeding was in accordance with the law and is conclusive, final and binding on plaintiff, so as to render the proceedings for this Honorable Court, res adjudicata, and further gives rise to an exception of no right or cause of action; exception of res adjudicata and of no cause of action, having been heretofore filed under said exceptions, as well as the other exceptions heretofore filed.

"Your Respondent again pleads all of the exceptions heretofore filed as if again copied in this answer in extenso.

"Respondent particularly denies the want of jurisdiction as set forth in this paragraph of plaintiff's petition, and avers suit was properly brought in accordance with provisions of Act No. 20 of 1914 as amended, commonly known as Workmen's Compensation Act.

"Respondent further answering avers that the agreement herein above referred to was not made in violation of the law, in that the rate of discount was not in excess of 8 per cent. The Workmen's Compensation Act specifically provides that where a dispute arises with reference to a claim, the dispute can be compromised on the approval of the court, all as was done.

"Respondent further answering, avers that plaintiff filed suit for compensation in the 18th Judicial District Court for the Parish of Pointe Coupee, said suit taking the number 884 and being against Dameron & Kenyon, Inc., and your respondent; that in said suit petitioner alleged that his signature to the compromise proceeding herein and above referred to was secured through fraud, deceit and misrepresentation on the part of the agent of your respondent. Petitioner further alleged, the agent led petitioner to believe that your respondent was merely making him a donation, and objected to his request to consult a lawyer of his own selection.

"Your respondent avers that plaintiff now fails to allege the fraud which he alleged in the proceeding No. 945 of the 18th Judicial District Court in and for the Parish of Pointe Coupee, State of Louisiana, and his failure to allege fraud in the proceeding before this Honorable Court is an admission on his part that no fraud of any nature or kind was perpetrated by your respondent or by Dameron & Kenyon, Inc., the employer of the deceased.

"Your respondent further answering avers, that the allegations of fraud were just as wrongfully made as the allegations of dependency through plaintiff's attempts to support his pretended claim to compensation.

"Respondent shows that throughout this entire proceeding it has exercised the best of faith in connection with this claim.

"Respondent denies any dependency on the part of plaintiff and denies that plaintiff is entitled to any compensation whatever, and your respondent reserves the right to file suit against plaintiff for the amount which has been heretofore paid, all as herein and above set forth.

"But in the alternative, your respondent avers that should it be cast in judgment in this proceeding, it is entitled to a credit for the money which has heretofore been paid petitioner in good faith."

Employers' Casualty Company thus admits in its answer to article 6 and 7 of the petition that it presented the joint petition in question to the Pointe Coupee court and refers to the things done by the defendant in the Pointe Coupee suit as having been done by itself, sets up the judgment rendered therein as being res adjudicata in the present controversy between itself and the plaintiff.

Such being judicially admitted in defendant's answer in the present suit, we

622

agree with plaintiff that defendant's answer constitutes full proof that it was a party to the suit and judgment in the Pointe Coupee court, and that the missing deposition of Dameron is not necessary to prove that fact. The judicial confession is full proof against him who has made it; it cannot be revoked unless, etc. Civil Code, art. 2291.

Employers' Casualty Company, having been in fact a party to the joint petition presented to and judgment rendered in the Pointe Coupee suit through Dameron & Kenyon Inc., as a party interposed, is as fully bound by the appearance as was the party through whom it appeared. Roach v. Craig, 124 La. 684, 50 So. 652.

Plaintiff alleges the answer and the record show that Dameron & Kenyon, Inc., employers of Major Nelson, the decedent, alleged son of the plaintiff, was a resident of the parish of West Baton Rouge. Such being the fact, the district court of the parish of Pointe Coupee was without authority to act on the joint petition.

Jurisdiction ratione personæ could not by consent of parties be conferred on the district court of the parish of Pointe Coupee.

Defendant, arguing in support of the jurisdiction of the Pointe Coupee court, takes a position, on pages 14 and 15 of its brief, which requires us to differ with him. After referring to section 17, as amended by Act No. 38 of 1918, the brief says: "* * * The Section as amended by Act of 1918 and above quoted left out the following: 'which would have jurisdiction in a civil case, or where there is more than one judge of said court, then by either or any of said judges of said court.' The amendment of 1918 added to the Section after the word, employee, 'providing for the agreement between the employer and employee or his dependent.' Therefore under the law as it now stands, a compromise settlement can be effected between the employer and an alleged dependent, and the legislature in its wisdom purposely left out the clause with reference to the court having jurisdiction. The reason for this is quite obvious," etc. On this subject we have to say that the cases, Taylor v. Lock, Moore & Co., 6 La. App. 462; Id., 164 La. 577, 114 So. 163; Guillot v. Louisiana Ry. & Nav. Co., 166 La. 467, 117 So. 558, were decided after the passage of the Act No. 38 of 1918 and with reference to the law as amended, and there has been no amendment of which we are aware since then. Defendant overlooks the language of section 39 (amended Act No. 38 of 1918) which governs as to the court to which the joint petition should have been presented. We quote from section 39 (amended Act No. 38 of 1918) to the extent pertinent to the question in hand: "The word 'Court' as used in Section 37 of this act means the criminal court

having jurisdiction of the person making the false statement or representation, but wherever else used in this act, the word 'Court' shall be construed to mean the court which shall have jurisdiction over the employer in a civil case involving more than One Hundred Dollars. * * *"

The consequence of this provision is that the joint petition of the parties should have been presented to the court of the residence of the employer, which was the parish of West Baton Rouge, and the presentment to the court of the parish of Pointe Coupee, although presided over by the same judge who presides in West Baton Rouge, was not the court provided for, and was null and void ab initio, and so was the judgment rendered based thereon, and therefore not binding on the parties.

The present situation is the same that existed in the case, Taylor v. Lock, Moore & Co., 6 La. App. 462; Id., 164 La. 577, 114 So. 163, and Guillot v. La. Ry. & Navigation Co., 166 La. 467, 117 So. 558. The plaintiff can therefore disregard the judgment of the Pointe Coupee court and prosecute his demand in the court competent to act on the same.

Defendant contends that the plaintiff does not allege fraud. It was not necessary to allege and show fraud in order to have the judgment in question decreed null and void. The case entitled Crawford v. Crawford Lumber Co., 1 La. App. 636, is not governing in a situation in which nullity is not dependent on fraud, but appears in the record as the result of a mandatory provision of the law declaring what court has power to approve a compromise settlement between the employer and the dependent of its employer.

In the present suit against it defendant objects to the jurisdiction of the East Baton Rouge court. The Supreme Court in Wyatt v. Finley, 167 La. 161, 118 So. 874, 876; Woods v. U. S. Fidelity & Guaranty Co., 167 La. 411, 119 So. 409, and Baker v. Wall Drilling Co., 168 La. 513, 122 So. 711, construed Act No. 20 of 1914, § 23 (amended Act No. 85 of 1926), and section 25 to mean that the employee or his dependent had the right to proceed in an independent action directly against the insurer of his employer. We quote from the Finley Case: "The defendant insurance company is bound as directly and as fully under its policy, as the employer is bound under the act, to pay all compensation due to the employee or his dependents. Under section 23 of the Employers' Liability Act, the obligation of the insurance company is primary and not secondary. Hence what good reason can there be for adjusting the loss first against the employer, instead of against the insurance company, which has to pay? Indeed plaintiffs, as the dependents

of the deceased employee, are not obliged to sue the employer at all, if they do not so desire, as they have a direct cause of action against the insurance company alone, under section 23 of the act, or a cause of action against the employer alone, or against both the employer and the insurance company, under section 25 of the act."

In Baker v. Wall Drilling Co. et al., 168 La. 513, 122 So. 711, it was held that the Act No. 85 of 1926 did not change the law as stated in earlier cases. Defendant's exception to the jurisdiction of the East Baton Rouge court was not, under our interpretation of the minutes, ruled on in the lower court, and the failure to rule was not brought before us in a way that we could act on the matter; therefore the exception may be looked on as having been abandoned. But suppose, otherwise, the defendant is a nonresident of the state.

The law applicable, if Dameron & Kenyon, Inc., had been sued, does not control in the matter of jurisdiction ratione personæ, in such a way as to fix jurisdiction when the employer is not sued and the suit is against the employer's insurer only. In such a.case the nonresident insurer may be sued in the parish which is the official domicile of the officer upon whom the service of the citation and petition must be made, there being no showing that defendant has made other legal arrangements on that subject. The above-mentioned questions are the only matters on which we can act on the present appeal and our decree will be limited thereto. But, as we have decided to remand the case for a new trial on controverted questions bearing on the merits of the case, we think it well to call attention to some matters which will require action on the remand.

The plaintiff alleges that he is entitled to $900 as the sole dependent of his son, based on the amount which his son contributed to his support, giving credit for the amount received, and that the defendant should be condemned to pay him $450 additionally as a penalty, for the reason that the settlement made under the joint agreement was at a rate of discount greater than 8 per cent.

Defendant denies liability under the provisions of the Employers' Liability Act as well as under the provisions of the Civil Code, art. 2315; denies that plaintiff was the father of the decedent, and, if such was the case, it then denies that he was dependent upon him in any way. Avers that the settlement made.was not a discount, but a compromise, based on doubt concerning plaintiff's right to recover.

Plaintiff alleges that his son lost his life on December 13, 1929. The law governing is section 8 (amended Act No. 242 of 1928). It provides that: "If there be neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased." Subsection 2 (E) subd. 7. But the same section, under subsection 2 (D) contains a provision on the subject of dependency, which reads as follows: "In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death. * * *" And the subsequent paragraph (I), same section, page 361 of the act, reads: "In all cases provided for under this Section the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact." There is no proof of these facts in the record as now made up. The judgment appealed from states in the usual way that the law and the evidence is in favor of the defendant and against the plaintiff, and rejected plaintiff's demand, but nothing in the record informs us as to the particular ground upon which the court acted. The judgment rendered on the joint petition presented to the district court of the parish of Pointe Coupee may have influenced the action of the court in the present case, and, not only that, but the action of the court may have been influenced by the fact that, because the present defendant was not named as a party to the proceedings in the Pointe Coupee court, it was not to be regarded as having been such, its present admission on the subject notwithstanding.

We do not overlook plaintiff's contention that a lump sum settlement, made under the law, Act No. 20 of 1914, § 8 (amended Act No. 242 of 1928), subsection 2 (K), subd. 9, page 362, of the act, at a greater rate of discount than 8 per cent. is null and void and does not prevent the employee or the employee's dependent from recovering the amount due them under the law, together with the penalty provided for, nor the cases Taylor v. Lock, Moore & Co., 164 La. 577, 114 So. 163, and Guillot v. La. Ry. & Navigation Co., 166 La. 467, 117 So. 558, cited. Nor do we overlook defendant's contention that a compromise agreement of a doubtful claim may be entered into, even ·though it involves a discount of the amount claimed at a greater rate than 8 per cent., and the cases, Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, and Guillot v. La. Ry. & Navigation Co., 166 La. 467, 117 So. 558, cited, but we do not act on this part of the controversy and take no position on this subject on the present appeal; the question is to be determined on the new trial.

The provision in the Employers' Liability Act that judges are not bound in cases of this

kind by the usual common law, or statutory rules of evidence, or by any technical or formal rules of procedure other than is provided in the act, is of no help in a situation when the right to compensation looks as if it might have actual and meritorious existence, but does not appear, due to mistake and oversight on the subject of procedure. The situation is such that the plaintiff should have another chance to establish his case. The nullity of the judgment of the Pointe Coupee court and the fact that defendant was a party thereto is not to prevent the defendant from urging in the East Baton Rouge court the settlement alleged to have been entered into, without prejudice to the right of the plaintiff to attack it and of the defendant to support it on the grounds alleged in the petition and answer in the present case.

For these reasons our former opinion and decree herein is recalled and the judgment appealed from is annulled, avoided, and set aside. It is further decreed that the judgment of the district court in and for the parish of Pointe Coupee in the suit entitled Loran Nelson v. Dameron & Kenyon, Inc., No. 884 on the docket of that court, signed January 8, 1930, is a nullity, and the parties thereto not bound thereby.

It is further ordered that this case, save as to the matter acted on, be returned to the district court from which the present appeal emanated, for a new trial on all the other grounds urged in the petition of plaintiff, and the defenses alleged in the answer of the defendant. The lower court, after trial, to render such judgment as it finds proper on the law and the facts.

The cost of the present appeal to be paid by defendant appellee. All other cost to abide the final result of the case.