(117 So. 558)

No. 29112.

## GUILLOT v. LOUISIANA RY. & NAV. CO.

### In re GUILLOT.

May 7, 1928. Rehearing Denied June 4, 1928.

George Sladovich, of New Orleans, for applicant.

Milling, Godchaux, Saal & Milling, of New Orleans, for respondent.

ST. PAUL, J. This case is before us on certiorari to the Court of Appeal, parish of Orleans. The case has already once been before that court, and the nature of the case is stated in detail in the opinion handed down by that court on that occasion. Guillot v. La. Ry. & Nav. Co., 5 La. App. 269.

For our present purpose it suffices to say that plaintiff's husband was employed by defendant as a car inspector, and, whilst engaged in his duties, was injured and died; that defendant is a common carrier railroad operating a line between New Orleans and Shreve-

port, both of which are railroad centers reached by railroads extending into other states; that plaintiff filed suit against defendant, claiming compensation for herself and her minor child under the state workmen's compensation statute; that the defendant answered, denying liability under the statute, on the ground that the deceased was engaged in interstate commerce; that plaintiff, without attempting to meet that issue, at once brought suit against the defendant under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665); that, after the latter case had been on trial for two days, defendant in propria persona compromised it for $1,000, and then discontinued both her suits.

## I.

This is a suit for double compensation, brought under the provisions of subsection 8 (now 9) of section 8 of Act 20 of 1914, as amended by Act 216 of 1924 (reduced to one and a half by Act 85 of 1926; see Taylor v. Locke, Moore & Co., 164 La. 577, 114 So. 163), by the terms whereof any lump sum settlement of a claim under the workmen's compensation statute, made without the authorization of the court of competent jurisdiction, or commuted at a discount of more than 8 per cent. per annum, is null and void, and subject the employer to a lump sum penalty of double (one and a half times) the full amount of the compensation due under the statute, less the amount actually paid, if sued for within five years after said lump sum settlement (now two years under Act 85 of 1926). In this case there was no approval of the compromise by any court, and plaintiff's claim for compensation, if any she had under the state statute (say $20 per week for 400 weeks), was compromised or commuted at a discount greatly exceeding 8 per cent. per annum.

■ The defendant set up several exceptions, only two of which have any semblance of merit, to wit: (1) The prescription of one

year, which however is not well founded, for the reason that (as above said) the penalty herein claimed may be sued for at any time within five years from the lump sum settlement; and (2) an exception of no cause of action, which we think well founded.

## II.

In Musick v. Central Carbon Co. (our No. 29176) 117 So. 277,[1] decided this day, we held that there was nothing in the workmen's compensation statute which prevented the parties from compromising a claim for compensation when there was serious and substantial ground for doubting whether the employer was liable at all under the statute or liable to the extent claimed, if said compromise be made with the approval of the competent court (see section 17 of Act 38 of 1918).

But, where the party injured is in the employ of a common carrier railroad engaged in both interstate and intrastate commerce, there is always doubt and uncertainty as to whether, at the time of the accident, he was or was not engaged in interstate commerce; for each case stands on its own particular facts and circumstances, and cannot be resolved otherwise than by judgment of a court of last resort on that particular case. See the examples given in Hamilton v. La. Ry. & Nav. Co., 162 La. 841, 111 So. 184, par. V.

Hence, whenever a common carrier railroad engaged in interstate and intrastate commerce sets up as a defense to an action for compensation under a state workmen's compensation statute that the accident occurred whilst the employee was performing service appertaining to interstate commerce, there is always a serious and fundamental ground for doubting whether said employer be liable under the state statute or only under the Federal Employers' Liability Act, and therefore whether said employer be liable at all under the state law.

---

[1] Ante, p. 355.

We would therefore have no difficulty whatever in reaching the conclusion that the compromise herein entered into was binding, had said compromise been entered into with the approval of a competent court.

### III.

■ But, as we have said, the compromise was not made with the approval of any court; hence the validity of that compromise depends entirely on the question whether at the time of the accident the deceased was or was not engaged in interstate commerce. If he was, then the cause of action arose exclusively under the federal act, and the state act has no application whatsoever, since the matter was then wholly beyond state jurisdiction, and entirely within the jurisdiction of the federal act, which contains no limitation whatever on the right of the parties to compromise their differences as they see fit. Hamilton v. La. Ry. & Nav. Co., 162 La. 841, 111 So. 184, par. V.

But the question whether or not the deceased was engaged in interstate commerce at the time of the accident was set at rest by plaintiff herself when, instead of proceeding with her suit under the state statute, she assumed the same position the defendant had taken, and brought her suit under the federal act.

Having taken that position, and having in effect recovered under the federal act, she cannot now shift her position and recover again under the state law.

### IV.

The trial judge maintained both exceptions, thus:

"It is ordered, adjudged, and decreed that the exceptions herein filed be, and the same are hereby, maintained, and plaintiff's suit dismissed, with costs." Tr. 24, 41.

The Court of Appeal thought the plea of prescription (one year) was good, and affirmed the judgment on that ground.

To us that exception appears not well founded; but, as above said, we think the exception of no cause of action sound.

The result, however, is the same in either case, to wit, the dismissal of the suit.

#### Decree.

The judgment of the district court and that of the Court of Appeal affirming it are therefore affirmed.

■

(117 So. 559)