(131 So. 51)

**YOUNG v. GLYNN.**

In re YOUNG.

No. 30682.

Nov. 3, 1930.

Jesse Chandler McGee, of New Orleans, for appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, for appellee.

ST. PAUL, J.

The plaintiff's right leg was broken whilst in the employ of defendant. He was operated on at a hospital, and on May 1, 1928, his leg was apparently restored. All his expenses and compensation up to that time have been paid.

Afterwards his leg again gave him trouble; the muscles thereof became atrophied, and ultimately the leg was amputated.

But on May 1, 1928, at a time when his leg was apparently healed, and he was apparently convalescing, he entered into an agreement of compromise (duly approved by the district judge) by which he accepted from defendant, in full settlement of his claim against defendant, compensation for twenty weeks, the supposed time of his convalescence.

He was told at the time of his discharge that he must exercise his leg, otherwise the muscles thereof would become atrophied. But this he neglected to do, and the evidence is that this was the cause of his subsequent trouble. This was the finding of the district judge and of the Court of Appeal, and we find no manifest error therein.

■ In the present action the plaintiff seeks to set aside the settlement on the ground that it was obtained by fraud and misrepresentation. But the evidence shows that there was neither. The physician who attended him testifies that he explained his condition fully to the defendant. And the attorney who drew up the compromise, and two other witnesses who were present, all testify that the compromise was read in full to the plaintiff, who declared that he understood the same and signed it voluntarily.

There is therefore no ground for setting aside the settlement on the ground of fraud. And section 17 of Act No. 20 of 1914 (amended by Act No. 38 of 1918), expressly authorizes the parties to settle the matter of compensation between themselves, with the approval of the judge.

For the rest, both plaintiff and defendant believed at the time of the settlement that plaintiff would be fully recovered at the end of three months, and agreed to end the whole matter by a payment of twenty weeks' further indemnity.

In Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, this court held that the prohibition of subsection 8 of section 1 of Act No. 43 of 1922, against lump sum settlements at a greater rate of discount than 8 per cent. did not apply where there existed grounds for difference as to what might be due. And in this case there certainly existed grounds for difference of opinion as to how much longer plaintiff would require for convalescence.

■ Section 20 of Act No. 85 of 1926, relative to the review of judgment on account of error, has no application to compromises, for it speaks only of judgment rendered by the court and not of compromises, which are governed by section 17 aforesaid. For it is clear

that in every compromise there must be uncertainty and therefore error on the part of both parties as to what may be due, otherwise there would be no ground for compromise. It is true that section 17 aforesaid says that the settlement when approved by the court shall be entered as the judgment of the court, but the meaning of this is only that such settlement shall then have force and effect of a judgment and may be enforced accordingly.

■ For it is of the nature of a compromise that it cannot be attacked on the ground of lesion, that is to say, for failure to receive all that one may be entitled to. Rev. Civ. Code, arts. 3078, 1860. In other words, in every compromise the hope of gaining is always balanced by the danger of losing. Rev. Civ. Code, art. 3071.

#### Decree.

The judgment of the Court of Appeal is therefore affirmed.