## WHITE v. OSTERLAND & KNIGHT TIMBER CO. et al.
### No. 2204.

Court of Appeal of Louisiana. First Circuit.
March 4, 1941.

No attorneys for plaintiff-appellant.

Frank E. Powell, of DeRidder, for appellees.

OTT, Judge.

In September, 1936, plaintiff filed a suit against the defendants claiming compensation for a period not to exceed 400 weeks on the basis of 65% of his daily wage of $3 for total, permanent disability resulting from an injury to his knee on August 11, 1936, while he was loading piling for the defendants.

A few days after this suit was filed, the plaintiff and the defendants filed a joint petition in the suit in which it was admitted that plaintiff received an injury to his left leg while loading piling, but it was alleged that the defendants denied that the plaintiff was in their employ when the injury was received; that defendants claim that he was an independent contractor hauling and loading on railroad cars certain poles and piling which defendants had manufactured, for a consideration of 75 cents per hundred lineal feet. It was further alleged in this joint petition that the defendants denied the extent of plaintiff's injury, and that they not only denied that he suffered a permanent injury, but claim that he will have fully recovered in six months or less, as shown by the report of Drs. Reid and Shaw annexed to the petition.

It was further alleged that in view of this dispute between the parties as to whether or not plaintiff is entitled to recover any compensation at all and as to whether or not the injury is permanent or temporary, the parties had agreed on a compromise settlement of $350, arrived at by computing compensation on the basis of 36 weeks at $2.50 per day, plus cost of court, and which sum was to be paid in full satisfaction of all claims on account of said injury. Under this joint petition, the court signed a judgment approving the compromise settlement, and the amount was paid and a receipt signed by the plaintiff in full settlement of the claim. The plaintiff and defendants were represented by their respective counsel in the making and confection of this compromise settlement.

In August, 1938 through another attorney, the plaintiff filed a petition setting out this injury and the above compromise settlement and alleged that he was advised and persuaded by his former attorney to enter into said compromise agreement and that he agreed to said settlement reluctantly, knowing that he was not well and not knowing whether he would ever recover from said injury; that he would not have entered into said settlement but for the fact that Drs. Reid and Shaw reported to the court and expressed their belief that he, might recover in six months from the date, of the settlement; that the settlement was approved on the sole finding and opinion of, these two doctors and that the report of these two doctors was a misrepresentation of his true condition; that his knee has not recovered and he is still disabled from work.

The prayer of this last petition of plaintiff is that the case be re-opened for further proceeding and that he recover compensation for 400 weeks at $2.50 per day, less the 36 weeks' compensation already paid, with interest, etc. Defendants filed an exception of no cause or right of action which was referred to the merits. They then filed answer, admitting that plaintiff received the injuries, but deny that he was in their employ. They allege that the plaintiff was an independent contractor hauling and loading piling for them at a certain price per lineal foot. They deny that plaintiff was and is totally and, permanently disabled and set up as a bar to the claim the compromise settlement entered into by them and plaintiff, and approved by the court.

After a trial of the case, the court rendered a judgment in which he sustained the compromise settlement and dismissed the plaintiff's suit. From this judgment plaintiff has appealed, but he is not represented by counsel in this court, his counsel, having withdrawn from the case.

We have examined the record carefully and the only evidence tending to show any misrepresentation regarding the compromise settlement is that of plaintiff himself. He states that he entered into this settlement under the advice of the attorney who then represented him; that he did not see the report of Drs. Reid and Shaw on which the compromise was based until long after the settlement was made; that his attorney wanted him to make the compromise and he refused at first to accept it; that he went home and came back the next day and he and his lawyer talked the matter over and he thought his lawyer might be right and agreed that day to take the compromise.

It is obvious from plaintiff's own testimony that no fraud or misrepresentation was practiced on him by either his lawyer or the defendants in making this compro-

mise settlement. In the report of the two doctors annexed to the joint petition for the compromise, after giving the history and nature of plaintiff's injury these two doctors state it was difficult for them to estimate the amount of disability at that time, but they did not believe the maximum amount of recovery had been reached and gave as their opinion that plaintiff would be disabled at least six months from that date.

With this report of the two doctors and in view of the fact that the defendants seriously and plausibly contended that plaintiff was not an employee but an independent contractor when he was injured, his attorney had good grounds to advise his client to accept the compromise settlement based on disability for 36 weeks, several weeks more than the maximum time the two doctors estimated as the possible extent of the injury, or disability. While it is true that these same two doctors testified on the trial of this second proceeding that plaintiff's knee was then still in such condition as to prevent him from performing his usual work, yet there is no evidence to indicate that these doctors or any one else knew two years previously that plaintiff's knee would not be fully recovered in that time.

The very purpose of Section 17 of Act 20 of 1914, as amended, the Compensation Law, was to permit a compromise settlement between the employer and the employee where there is a dispute between them as to the question of liability of the employer, the nature and extent of the injury, or the amount of compensation which may be due. Such a settlement in order to be binding is surrounded with ample safeguards against imposition on the employee, requiring a joint petition duly verified by both employer and employee, as well as the approval of the court.

Plaintiff and defendants swore to the joint petition for the compromise settlement which they filed in this case, and both were represented by reputable counsel. There was a serious dispute between the parties on two important questions pertaining to liability on the part of the employer and the extent of that liability, and no fraud or misrepresentation was practiced on plaintiff. The judgment which approved that settlement is binding on plaintiff and precludes him from recovering further compensation. Musick v. Central Carbon Co., 166 La. 355, 117 So. 277; Young v. Glynn, 171 La. 371, 131 So. 51; Self v. Wyatt Lumber Co., Inc., La.App., 189 So. 327; Forrestal v. McCray Refrigerator Sales Corporation et al., La.App., 196 So. 516.

For the reasons assigned, the judgment is affirmed.