On Rehearing.
 

 PONDER, Justice.
 

 A rehearing was granted in this case upon the application of counsel for the Em
 
 *944
 
 ployers’ Liability Assurance Corporation, Ltd., the defendant, out of an abundance of precaution for the reason that counsel for the defendant seriously contended that our holding in this case was of such far reaching effect that it should be reconsidered. Various attorneys filed briefs as amici curiae urging a rehearing.
 

 At the time the rehearing was granted, we were of the opinion that the facts were correctly stated in our original opinion. After again reviewing the facts, we have reached the same conclusion. The two questions we had in mind when we granted the rehearing were the interpretation to be placed on Section 17 of Act 20 of 1914, as amended, and whether or not under the circumstances in this case the penalty should be imposed.
 

 The principal contention advanced by counsel for the defendant and the various attorneys is to the effect that there is no connection between Section 17 and subsection 9 of Section 8 of the Act. Counsel takes the position that subsection 9 of Section 8 covers settlements of claims where there is no dispute and Section 17 has its own specific purpose and was enacted for a specific situation, viz., to permit the compromise of compensation claims where there was a dispute between the parties concerning questions involved in the claims. Counsel suggests that in making settlements under Section 17 that the Articles of the Civil Code dealing with compromise are applicable and that a compromise made under Section 17 cannot be set aside because of an error of fact.
 

 As stated in our original opinion, the primary object of the Act is to provide an injured employee with funds to subsist during his disability until he is able to return to work. Barr v. Davis Bros. Lumber Company, 183 La. 1013, 165 So. 185, 186. The Compensation Act was admittedly passed, not only in the interest of the employer and the employee, but in the interest and general welfare of the public as well. Craft v. Gulf Lumber Company, 151 La. 281, 91 So. 736. The manifest purpose of the statute intends weekly benefits and not lump sum payments. Ford v. Fortuna Oil Company, 151 La. 489, 91 So. 849. The interest and general welfare of the public being involved the parties cannot settle a compromise claim in contravention of the statute. As stated in our original opinion, matters relative to compensation claims are governed exclusively by the Workmen’s Compensation Act and any settlement made-in contravention of its provisions and its policies are unenforceable and may be set aside. Such being the case the Articles of the Civil Code are not applicable. For the same reason the contention that the compromise or settlement cannot be set aside because of an error of fact is unavailing. The plaintiff in this case is permanently disabled. The statute provides that compensation
 
 shall
 
 be paid for injuries producing total permanent disabiity 65% of the wages during the period of disability not to exceed 400 weeks. This provision is .mandatory. Subsection 9 of Section 8 permits lump sum settlements of compensation claims under certain restrictions. A lump sum settlement as provided for in the Act means nothing more or less than that the
 
 *946
 
 ■entire amount of compensation due the employee is paid at one and the same time, •as distinguished from weekly payments provided for 'in the Act. We cannot accept the contention that there is no connection between Section 17 and subsection 9 of Section 8 for the -reason that it is provided in Section 17 that settlements made thereunder
 
 shall
 
 be substantially in accord with the various provisions of the Act. This very provision in our opinion connects Section 17 with any other provision of the Act that is pertinent. Otherwise, the provision would be meaningless. Undoubtedly the lawmaker intended that a settlement made under Section 17 in the form and nature of .a lump sum settlement was to be made substantially in accord with the provision dealing with lump sum settlements. The only neasonable interpretation is that settlements ■should be substantially in accord with the provisions that are relative and pertinent thereto. The provision was put in Section 17 for some purpose and it is only reasonable to believe that the settlement should conform to the other provisions of the Act that are pertinent in order to carry out the .spirit as well as the letter of the statute. We see no reason to disturb our holding in respect to Section 17 for the reason that the interpretation placed thereon is in conformity with the purpose of the Act and its policy.
 

 To permit speculation on the duration of an employee’s disability would defeat the very purpose of the Act. It is to be borne in mind that not only the interest of the employee and employer is involved, but also the interest and'general welfare of the public. The settlement attempted to- be made in this case, wherein the employee received less than one-fourth of the amount that he was entitled to, is an' ample illustration of just how far the letter and spirit of the Act can be destroyed by the sanction of speculation as to the duration of an employee’s disability. It is clear that it was intended that the injured employee should receive compensation during his disability in an amount with a degree of certainty. Hence the- Act provides a schedule fixing the amount to be paid. Under any interpretation that could be given to Section 17 the settlement in this case is so far .out of line that we would be compelled to set it aside. After carefully reviewing our original opinion, the briefs filed herein and the arguments advanced, we are more than ever convinced that the conclusions reached therein are correct and in accord with the letter and spirit of the Workmen’s Compensation Act.
 

 Counsel contend that our holding in this case is contrary to the holding in the cases of Musick v. Central Carbon Company, 166 La. 355, 117 So. 277, and Young v. Glynn, 171 La. 371, 131 So. 51. The same argument was advanced in the original hearing on review and as pointed out in our original opinion there is no conflict between these decisions. We stated in our original opinion that certain expressions in the last two mentioned cases, not essential to the decision, had resulted in a jurisprudence in the appellate courts contrary to the views we hold. We have carefully reviewed the decisions and our discussion of them in our original opinion and find that our interpretation of these decisions is correct.
 

 
 *948
 
 The question which has given us most concern is whether or not under the circumstances in this case the penalty-should be imposed. We are not unaware of the mandatory provision of the statute with respect to the penalty and were it not for the circumstances in this case we would be compelled to invoke it. The parties attempted to make the compromise believing they were complying with the Compensation Act. It is not disputed that they were acting in good faith. The defendant herein was relying upon certain expressions contained in the cases of Musick v. Central Carbon Company, supra; Young v. Glynn, supra and various decisions of the Courts of Appeal to the effect that compromises of the nature involved herein were authorized. There is no question that the defendant was of the impression that Section 17 of the Act authorized the compromise and that it was in no way connected with the provisions of the Act authorizing lump sum settlements. Owing to the fact that there are certain expressions in Musick v. Central Carbon Company, supra; Young v. Glynn, supra, and decisions of the Courts of Appeal that would lead the defendant to this belief it would seem harsh to impose a penalty under such circumstances. We have, therefore, concluded to amend our decree so as to eliminate the penalty on account of the defendant being mislead by the confusion caused by the various decisions aforementioned.
 

 Our decree is amended so as to order the defendant to pay the plaintiff in a lump sum an amount to be computed at $20 a week for a period of 400 weeks, with legal interest on each weekly installment, less a credit of $1,480. As amended the decree is affirmed.
 

 Plaintiff’s right to apply for rehearing reserved.
 

 ODOM, J., dissents and hands down reasons.
 

 McCALEB, J., recused.
 

 O’NIELL, C. J., concurs in the decree rendered originally in this case, and hands down an opinion.