ODOM, Justice
 

 (dissenting).
 

 The court has sustained the plaintiff’s plea that the settlement which he entered into with his employer be set aside. I dissent from that ruling.
 

 The settlement was authorized by Section-17, Act 20 of 1914, as amended by Act 38 of 1918. That section provides that the interested parties “shall have the right to settle all matters of compensation between themselves”. That section further provides that all agreements of settlement shall be reduced to writing and shall be “substantially in accord with the various provisions of this-act, and shall be approved by the Court”. It further provides that the agreement between the employer and the employee, “shall be presented to the Court upon; joint petition of employer and employee”, and that the settlement so approved “shall1 be immediately entered as the judgment of the Court, and such judgment shall have-the same force and effect and may be satisfied as other judgments of the same Court”.
 

 
 *950
 
 In making this settlement, the parties proceeded in exact accord with the provisions of this section. The settlement agreed upon was approved by the district judge, and judgment was rendered accordingly.
 

 It is not contended that the employer was .■guilty of any fraud, ill practice, or deceit in dealing with its employee. On the contrary, it is conceded that the settlement was •made in good faith. In fact, it is stated in :the majority opinion on rehearing:
 

 “The parties attempted to make the com•promise believing they were complying with the Compensation Act. It is not disputed '.that they were acting in good faith.”
 

 The record shows, and this is not disputed '’by anyone, that, at the time the settlement -was made, the duration of plaintiff’s disability was uncertain. On that point there ■was reasonable and substantial ground for •dispute. Because of this uncertainty as to ■the duration of plaintiff’s disability and because there was a dispute between the parties touching that point, they agreed to settle their differences and presented a joint petitiop to the court, asking that the settlement which they had reached be approved. This was done. The plaintiff was paid the amount which he voluntarily agreed to take.
 

 In Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, and in Young v. Glynn, 171 La. 371, 131 So. 51, it was held that, where there is a real dispute, and substantial ground therefor, between an employer and his employee concerning a matter of this kind, a binding compromise settlement may be entered into under the provisions of the section of the Compensation Act. In Guillot v. Louisiana Ry. & Nav. Co., 166 La. 467, 117 So. 558, the court cited with approval the ruling in the Musick case. These cases have been consistently followed by the Courts of Appeal of this state.
 

 To hold that the settlement made between the parties in this case is not binding upon them is tantamount to holding that no settlement made between an employee and his employer under Section 17 of the Compensation Act can be binding. In my opinion, the effect of the ruling in this case is to strike down the provisions of that section. In other words, the ruling in this case, in effect, wipes out that section of the statute. Judgments rendered by courts of competent jurisdiction, approving settlements made between the parties in accordance with that section of the act, will hereafter have no stability whatsoever.
 

 I dissent.