O’NIELL, Chief Justice
 

 (concurring in the decree rendered originally in this case).
 

 I concur in the decree rendered originally in this case, allowing the plaintiff, under the provisions of subsection 9 of section 8 of the Employer’s Liability Act, one and one-half times the compensation which would have been due under the act, but for the lump sum settlement. But there are some expressions in the original opinion, and in the opinion rendered on rehearing, which seem contrary to the provisions of subsection 9 of section 8, and the provisions also of section 17 of the act.
 

 On the 6th page of the original opinion, 5 So.2d 292, it is said that an employer may make a lump sum settlement with an injured employee, under the provisions of sub
 
 *952
 
 section 9 of section 8 of the statute,
 
 where there is no dispute.
 
 My understanding of this is that the parties may make a lump sum settlement in any case where the disputes or disagreements between them have been eliminated, either by effect of a final judgment or by effect of an amicable settlement made between the parties under the provisions of section 17.
 

 On the 9th page of the original opinion [5 So.2d 292, 293] it is said that the only matter that could have been uncertain when the parties in this instance made their lump sum settlement was the duration of the plaintiff’s disability, and that it would be in direct violation of both the letter and the spirit of the statute to sanction speculation with respect to the duration of an employee’s disability. That expression is repeated, substantially, on page 4 of the opinion rendered on rehearing [5 So.2d 296], thus:
 

 “To permit speculation on the duration of an employee’s disability would defeat the very purpose of the Act.”
 

 In the closing sentence in subsection 9 of section 8 of the act, it is declared:
 

 “But upon the payment of a lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than eight per centum per annum and with the approval of the Court, the liability under this Act of the employer making such payment shall be fully satisfied; provided, that for injuries scheduled in paragraphs 1-d and 2 of this section, no shorter term than therein set forth have [has] been agreed upon.”
 

 The phrase “commuted on a term agreed upon by the parties” means that the parties must agree upon a term, or period, or number of weeks, by which the weekly compensation shall be multiplied, and on which the discount, at a rate not exceeding eight per cent per annum, shall be calculated, in order to arrive at the lump sum to be paid. This meaning of the word “term” is verified by the proviso that for injuries scheduled in-paragraphs 1(d) and 2 of section 8 no-shorter term than the term therein set forth shall be agreed upon. That means that, for injuries scheduled in the paragraphs in which the term for the payment of compensation is not fixed but is declared merely to be during the period of disability, not beyond 300 weeks or not beyond 400 weeks, as the case may be, the lump sum settlement must be computed on a term of period of weeks agreed upon by the parties. Paragraphs 1(d) and 2 of this section of the act are the only paragraphs in which the term or period of weekly payments is fixed. Paragraph 1 (d) has reference to the loss of a limb or member of the body, such as a thumb, finger, toe, hand, arm, foot, leg or an eye. For any one of these injuries the term of payment is fixed absolutely as a definite number of weeks, because the disability is, essentially, permanent. Paragraph 2 has reference to an injury causing
 
 death;
 
 in which case the term for the payment of compensation to the dependent or dependents of the deceased employee is fixed definitely at 300 weeks. But, for all other injuries, other than those scheduled in paragraphs 1 (d) and 2 of section 8 of the statute, the term for the payment of compensation is declared, in subsections (a), (b) and (c) to be during the period of disability, not beyond 300 weeks for an injury
 
 *954
 
 producing temporary total disability or a partial disability, or not beyond 400 weeks for an injury producing permanent total disability. In such cases, even when the disability is adjudged to be a permanent disability, it is recognized that in time the disability might disappear. Hence, in such cases, the term for the payment of the weekly compensation is declared to be merely “during the period of- disability”— not beyond 300 weeks for a temporary total disability, under subsection (a), and not beyond 400 weeks for a permanent total disability, under subsection (b), or not beyond 300 weeks for either a permanent or temporary partial disability, under subsection (c). In any case coming under any one of the three subsections (a), (b) or (c), if the employer and the injured employee prefer to make a lump sum settlement, according to the provisions of subsection 9 of section 8, they must make the settlement “on a term agreed upon by the parties” ; that is to say, they must agree upon the number of weeks, by which the weekly payments are to be multiplied, and on which the discount, at a rate not exceeding 8 per cent per annum, must be computed, in order to arrive at the amount which is to be paid in a lump sum. This so-called “term agreed upon by the parties” is, necessarily, an estimate of the period of disability — agreed upon by the parties. No such estimate, or “term agreed upon by the parties”, is allowed to be substituted in the cases where the term is fixed definitely in the 8th section of the statute; that is, “for injuries scheduled in paragraphs 1-d and 2 of this section”. But, for all other injuries, it is impossible to reduce the amount of the weekly payments to a lump sum, or to calculate the discount on the weekly payments at a rate per annum, without “a term agreed upon by the parties” — or an estimate of the period of disability. The term agreed upon by the parties, or estimate of the period of disability, of course, must be approved by the judge.
 

 An amicable settlement, made under the provisions of section 17 of the statute, does not mean, necessarily, a cash settlement, or lump sum settlement. The provisions of this section do not supersede or affect the provisions of subsection 9 of section 8. Section seventeen means exactly what it says: “That the interested parties shall have the right to settle all matters of compensation between themselves.” When they make an amicable settlement under this section it must be confirmed by a judgment of the court, on a joint petition of the parties; but it need not be a lump sum settlement. If, after the amount of each weekly payment is agreed upon by the parties, there is also “a term agreed upon by the parties”, they may then convert their settlement into a lump sum settlement, provided they comply with the provisions of subsection 9 of section 8. Or they may make a lump sum settlement, under the provisions of subsection 9 of section 8, after the amount of the weekly compensation has been fixed by the court at the end of a lawsuit, provided there is “a term agreed upon by the parties”, for it is not possible otherwise for a term to be fixed in the judgment of the court, except in cases coming under the provisions of paragraphs 1 (d) and 2 of section 8.
 

 
 *956
 
 The lump sum settlement made in this ■case was made in violation of subsection '9 of section 8 of the statute, because it was not “commuted on a term agreed upon by the parties”, and the payments were not “discounted at not more than eight per centum per annum”.
 

 The following paragraph, which I quote from the opinion of the Court of Appeal in this case, 199 So. 800, leaves no doubt that if the plaintiff is entitled to a judgment at all he is entitled to the amount which he is claiming, viz.:
 

 “At the outset let us say that the record leaves no room for doubt that, at the present time, Puchner is totally disabled and that there is no prospect that he will ■ever recover, and it is certain, therefore, that, had there been no compromise, he would have been entitled to a judgment for the maximum weekly amount and for the maximum period.”
 

 According to the decision rendered in Taylor v. Lock, Moore & Co., 164 La. 577, 114 So. 163, and in Fluitt v. New Orleans, T. & M. R. Co., 187 La. 87, 174 So. 163, and according to the precise words of the statute, “if such lump sum settlement be made * * * at a discount greater than eight per centum per annum,
 
 even if approved by the court,
 
 the employer shall be liable for compensation at one and one-half times the rate fixed in this Act”. [The italics are mine.]
 

 It is conceded in both of the prevailing opinions rendered in this case that the allowing of “one and one-half times the rate fixed in this Act” is mandatory. The question of good or bad faith on the part of the contracting parties is eliminated by the expression in the statute “even if approved by the court”.
 

 The case of Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, is distinguished from the present case in that there was a serious dispute and doubt whether the claim of the dependents in the Musick case was governed by the Employer’s Liability Act. The case of Guillot v. Louisiana Ry. & Navigation Co. 166 La. 467, 117 So. 558, is distinguished from the present case by the fact that the court held that Mrs. Guillot’s case was governed by the Federal Employer’s Liability Act, 45 U.S.C.A. § 51 et seq. and not by the State statute, and that the plaintiff had recognized that fact by bringing her suit under the Federal Employer’s Liability Act after the defendant had excepted to a previous suit brought under the State Employer’s Liability Act. It was held that the plaintiff had judicially admitted that her case was governed not by the state statute but by the Federal statute, wh'ich does not contain any such provision as the provisions of subsection 9 of section 8 of the State Employer’s Liability Act. It is not so easy to reconcile the decision rendered in the present case with the decision rendered in Young v. Glynn, 171 La. 371, 131 So. 51. That decision was merely an incorrect interpretation of the decision rendered in the Musick case. The decisions rendered in those cases, however, had been superseded by the subsequent decisions in
 
 *958
 
 the Taylor case and in the Fluitt case, when the lump sum settlement was made by the defendant in the present case.
 

 There should not be any more objection to the making of amicable settlements of claims for workmen’s compensation than there is for the making of an amicable settlement of any other claim, provided, of course, that the amicable settlement of a claim for a workman’s compensation must be made in conformity with section 17 of the Workmen’s Compensation Law. And there should not be any objection to the reducing of such a settlement to a cash settlement, or lump sum settlement, provided it is done in conformity with sub- ' section 9 of section 8 of the statute. In fact there are cases where amicable settlements in a lump sum are very advantageous to the injured employee, or to the dependents of a deceased employee, as well as being desired by the employer or his insurer.