In our original opinion and judgment we annulled the purported act of compromise between the plaintiff and the defendants, his employer and the employer's insurer, for the reason, obvious from a study of the record, that there was in reality no serious dispute concerning the character and duration of plaintiff's disability which at the time was total and is now conceded to be total and permanent. We said therein:
"At the time the compromise settlement was made plaintiff had the same information as to his condition as did the defendants. The doctor who had attended him from the beginning had informed all of them that plaintiff was totally disabled at that time and that he would be unable to tell the degree of permanency of his disability until at least after one year's time had elapsed from October 4, 1937. He was unwilling to hazard a guess as to whether the disability was totally permanent or not although he did say he was sure there would be some degree of permanency of disability.
"It is clear to us, therefore, that plaintiff's condition was not concealed from him by the defendants and that no fraud in this wise clear to us under the above facts that respect was practiced upon him. It is like-there was not and could not have been any dispute between the parties as to plaintiff's condition at the time of the compromise settlement or as to the permanency of the disability. If there was it could not have been a true, bona fide dispute for there was nothing on which to base the difference of opinion."
We further held that the settlement with plaintiff under the guise of compromise was in flagrant violation of Subsection 9 of Section 8 of Act 242 of 1928, amending the Workmen's Compensation Law, in that the amount he was entitled to receive as compensation, when the nature and duration of his injuries are properly considered, was discounted largely in excess of eight per cent per annum. These findings of fact and conclusions of law impelled us to give judgment for the full amount to which plaintiff was entitled, plus the penalty of fifty per cent authorized by the act, less amounts paid him.
The opinion of the Supreme Court in the case of Otto Puchner v. Employers Liability Assurance Corporation at the time our opinion was rendered, had not become final. It is now. 198 La. 921,5 So.2d 288, 294, 300. We referred to that case in our opinion and stated that under the court's holdings therein, the act of compromise in the case at bar was clearly subject to annullment for additional reason. We quote the following positive announcement by the court in the Puchner case to support what we said, to-wit: "Compromises are not provided for in any of the various provisions of the act and there is no room for them with respect to the mandatory provisions of the act, consequently they should not be sanctioned except where the letter or spirit of the law justifies them. For an example, where there is a serious and bona fide dispute as to the employer's liability under the act."
In the Puchner case the joint petition asking the court's approval of the terms of the compromise, on its face, disclosed a dispute as to whether Puchner was able to resume work at the time the compromise was effected. He contended that he was not, and that he believed he would remain permanently partially disabled and for that reason was entitled to compensation accordingly. On the other hand, the employer and its insurer claimed that plaintiff's condition had progressively improved and that according to the final report of the attending physician he was able to resume work, and, therefore, not entitled to further payments of compensation. The Supreme Court found that these allegations were untrue. It then said: "A review of the entire transcript unmistakably shows, as was found by the trial judge, that the attending physician informed the plaintiff, as he did the defendant insurance *Page 201 
company, of his improvement and the belief that he would be able to return to work within a reasonable time, and that the plaintiff himself at that time believed he would shortly recover. The only possible matter which could have been uncertain was the duration of plaintiff's disability, and in our opinion it would be in direct violation of the letter and spirit of the act to sanction speculation with respect to the duration of an employee's disability, for the primary object of the act `was to provide an employee, whose wages were discontinued as a result of an injury sustained while serving his master, with funds to subsist on until he could return to work. * * *' Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185, 188."
The court agreed with the trial judge in the finding that the attending physician who made the report, the insurer in settling with plaintiff on the basis of temporary disability, the attorney who prepared the joint petition, and the judge who approved the compromise, committed an error of fact as all thought the plaintiff was only temporarily disabled. The proof showed that he was permanently and totally disabled and had been so since injured. Notwithstanding the error was one of fact, the court annulled the compromise agreement.
Rehearing in the present case was granted in order to have the benefit of the Supreme Court's final judgment in the Puchner case; especially did we wish to have that court's final expression anent the demand for the infliction of the penalty, thinking it would perhaps aid us in a just and equitable solution of the same question now before us.
On rehearing, the Supreme Court amended its former judgment by disallowing the penalty, notwithstanding, as held by it, the mandatory character of the provisions of the act concerning the same. The court justified its action in this respect in the following language, to-wit [198 La. 921, 5 So.2d 296]: "We are not unaware of the mandatory provision of the statute with respect to the penalty and were it not for the circumstances in this case we would be compelled to invoke it. The parties attempted to make the compromise believing they were complying with the Compensation Act. It is not disputed that they were acting in good faith. The defendant herein was relying upon certain expressions contained in the cases of Musick v. Central Carbon Company, supra [166 La. 355, 117 So. 277]; Young v. Glynn, supra [171 La. 371, 131 So. 51], and various decisions of the Courts of Appeal to the effect that compromises of the nature involved herein were authorized. There is no question that the defendant was of the impression that Section 17 of the Act authorized the compromise and that it was in no way connected with the provisions of the Act authorizing lump sum settlements. Owing to the fact that there are certain expressions in Musick v. Central Carbon Company, supra; Young v. Glynn, supra, and decisions of the Courts of Appeal that would lead the defendant to this belief it would seem harsh to impose a penalty under such circumstances. We have, therefore, concluded to amend our decree so as to eliminate the penalty on account of the defendant being misled by the confusion caused by the various decisions aforementioned."
We think the court's action on rehearing in the Puchner case in disallowing the penalty, not controlling of the issue in the case at bar. The two cases differ at least in one material and controlling respect, to-wit:
In the Puchner case there was bona fide error of fact concerning the duration and the extent of disability, which issue, under existing jurisprudence, could be foreclosed by compromise; whereas, in the present case there was in reality no dispute as to the extent and duration of disability, nothing to base such upon, and, therefore, no error of fact nor of law contributed to the confection of the compromise. In view of these established facts, we are unable to perceive what influence the former jurisprudence of the Supreme Court and the courts of appeal of this state could have had upon the parties in arriving at the terms of compromise. Without any exception, so far as our research reveals, acts of compromise upheld by the Supreme Court and courts of appeal have had as their primary basis a serious dispute of some sort between the parties thereto, cases involving fraud, etc., excepted.
Defendants urge their good faith in connection with the compromise. Our original opinion exonerated them and their agents from the charge of fraud and imposition; but good faith will not always save from annullment a settlement consummated in violation of Subsection 9 of Section 8 of the Workmen's Compensation Law. It did influence the Supreme Court in the Puchner *Page 202 
case when finally considering the demand for the infliction of the penalty, but for the reasons above assigned, should not have the same influence in this case.
For the reasons herein assigned, our former opinion, judgment and decree are now reinstated and made the final action of this court in this case.